NATIONAL ASSOCIATION FOR the AD-
VANCEMENT OF COLORED PEOPLE,
Lansing Branch, Cynthia Taylor, Judith
Taylor and Andrea Taylor, by their fa-
ther and Next Friend, James R. Taylor,
Melinda Lea Hedley, Christine Michele
Hedley, Douglas John Hedley and Dan-
iel Joseph Hedley, by their mother and
Next Friend, Joan L. Hedley, Peter Mil-
ler and Elizabeth Miller, by their father
and Next Friend, Charles Miller, Frank
J. Pennoni and James Pennoni, by their
mother and Next Friend, Kathaleen
Pennoni, and David Kron and Lisa
Kron, by their father and Next Friend,
Walter V. Kron, Plaintiffs-Appellees,

v.

LANSING BOARD OF EDUCATION, a
body corporate, and Members of the
Lansing Board of Education, viz., Ver-
non D. Ebersole, Clare D. Harrington,
Michael F. Walsh, Ray A. Hannula, Joan
Hess, J. C. Williams, Bruce Angell, Jo-
seph E. Hobrla and Max D. Shunk, De-
fendants-Appellants.

No. 76–2005.

United States Court of Appeals,
Sixth Circuit.

Feb. 8, 1978.

Fred C. Newman, Newman & Mackay,
Lansing, Mich., for defendants-appellants.

John W. Davis, Lansing, Mich., for plain-
tiffs-appellees.

Before CELEBREZZE, PECK and LIVE-
LY, Circuit Judges.

## ORDER

This is an appeal from the district court's
desegregation order for the Lansing, Michi-
gan, elementary schools. This court earlier
upheld the district court's finding of liabili-
ty for intentional segregation in *NAACP v.
Lansing Board of Education*, 559 F.2d 1042
(6th Cir.), *cert. den.* 434 U.S. 997, 98 S.Ct.
635, 54 L.Ed.2d 491 (1977). This appeal was
submitted to the Court on the briefs and
oral arguments of counsel, and the Court
has studied the record and is fully advised
in the premises.

The Court is of the opinion that the scope
of the district court's remedy was not over-
ly broad. The record discloses that the
remedy is tailored to undo the violations of
plaintiffs' constitutional rights found by the
district court. While the district court did
not specifically make findings on the "incre-
mental segregative effect" of these viola-
tions, we conclude that the remedy imposed
was only "designed to redress" the effect of
the violations found. *Dayton Board of Ed-
ucation v. Brinkman*, 433 U.S. 406, 420, 97
S.Ct. 2766, 53 L.Ed.2d 851 (1977). The dis-
trict court did not err in including first and
second grade children in the desegregation
remedy. Nor did the remedy violate the

Equal Educational Opportunities Act of 1974. *Brinkman v. Gilligan*, 518 F.2d 853, 856 (6th Cir. 1975).

It is ORDERED that the judgment of the district court be, and it hereby is, affirmed.