581 F.2d 115
 NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE,
Lansing Branch, Cynthia Taylor, Judith Taylor and Andrea
Taylor, by their father and Next Friend, James R. Taylor,
Melinda Lea Hedley, Christine Michele Hedley, Douglas John
Hedley and Daniel Joseph Hedley, by their mother and Next
Friend, Joan L. Hedley, Peter Miller and Elizabeth Miller,
by their father and Next Friend, Charles Miller, Frank J.
Pennoni and James Pennoni, by their mother and Next Friend,
Kathaleen Pennoni, and David Kron and Lisa Kron, by their
father and Next Friend, Walter V. Kron, Plaintiffs-Appellees,
v.
LANSING BOARD OF EDUCATION, a body corporate, and Members of
the Lansing Board of Education, viz., Vernon D. Ebersole,
Clare D. Harrington, Michael F. Walsh, Ray A. Hannula, Joan
Hess, J. C. Williams, Bruce Angell, Joseph E. Hobrla and Max
D. Shunk, Defendants-Appellants.
 No. 76-2005.
 United States Court of Appeals,
Sixth Circuit.
 Feb. 8, 1978.
 
 Fred C. Newman, Newman & Mackay, Lansing, Mich., for defendants-appellants.
 John W. Davis, Lansing, Mich., for plaintiffs-appellees.
 Before CELEBREZZE, PECK and LIVELY, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the district court's desegregation order for the Lansing, Michigan, elementary schools. This court earlier upheld the district court's finding of liability for intentional segregation in NAACP v. Lansing Board of Education, 559 F.2d 1042 (6th Cir.), Cert. den. 434 U.S. 997, 98 S.Ct. 635, 54 L.Ed.2d 491 (1977). This appeal was submitted to the Court on the briefs and oral arguments of counsel, and the Court has studied the record and is fully advised in the premises.
 
 
 2
 The Court is of the opinion that the scope of the district court's remedy was not overly broad. The record discloses that the remedy is tailored to undo the violations of plaintiffs' constitutional rights found by the district court. While the district court did not specifically make findings on the "incremental segregative effect" of these violations, we conclude that the remedy imposed was only "designed to redress" the effect of the violations found. Dayton Board of Education v. Brinkman, 433 U.S. 406, 420, 97 S.Ct. 2766, 53 L.Ed.2d 851 (1977). The district court did not err in including first and second grade children in the desegregation remedy. Nor did the remedy violate the Equal Educational Opportunities Act of 1974. Brinkman v. Gilligan, 518 F.2d 853, 856 (6th Cir. 1975).
 
 
 3
 It is ORDERED that the judgment of the district court be, and it hereby is, affirmed.